# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-462-HE |
| | ) | |
| GEO GROUP CORRECTIONS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Ezekiel Davis (Plaintiff), a state prisoner appearing pro se,[1] brings this action under 42 U.S.C. § 1983 claiming violations of his constitutional rights. Doc. 1. Plaintiff requests in forma pauperis (ifp) status. Doc. 2.[2] Chief United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the following reasons, the undersigned recommends the denial of Plaintiff's motion to proceed ifp and the dismissal without prejudice of this conditionally filed action unless Plaintiff pays the

---

[1] The court construes Plaintiff's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] This report cites court documents by their CM/ECF designation and pagination and, unless otherwise indicated, quotations are verbatim.

full $400 filing fee within twenty-one days from the date of any order adopting this Report and Recommendation.

I. <u>Analysis</u>

The Prison Litigation Reform Act's (PLRA) "'three strikes rule,'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (citation omitted), was "'designed [by Congress] to bring [prisoner] litigation under control.'" *Childs v. Miller*, 713 F.3d 1262, 1264-65 (10th Cir. 2013) (citation omitted). "Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action . . . in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .'" *Hafed*, 635 F.3d at 1176 (quoting 28 U.S.C. § 1915(g)). Congress did not bar a prisoner with three strikes from filing new civil actions but, instead, eliminated a three-striker's privilege of proceeding ifp "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A court "may raise the issue of strikes sua sponte . . . ." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011).

### A. Plaintiff's strikes.[3]

#### 1. Strike one.

Plaintiff brought a § 1983 action in the Northern District of Oklahoma while he was incarcerated in the Oklahoma State Penitentiary. *See Davis v. Moles*, Case No. 02-CV-110-trb-PJC (N.D. Okla. Feb. 8, 2002) (*Moles*).[4] United States District Judge Thomas R. Brett found Plaintiff's complaint failed to state a claim upon which relief – monetary or injunctive – may be granted and dismissed the complaint on screening under 28 U.S.C. § 1915A. *Id.* at Doc. 9.[5] Judge Brett specifically determined that Plaintiff's claims (1) did not allege constitutional violations; (2) were premature under *Heck v. Humphrey,* 512 U.S. 477 (1994)[6]; and (3) failed to allege a requisite injury. *Id.* at 5-8.

---

[3] Before attributing these strikes to this Plaintiff, the undersigned verified Plaintiff's identity through his Oklahoma Department of Corrections (DOC) number. Plaintiff's DOC number is 186754. Doc. 1, at 4.

[4] A comparison of DOC numbers, *see supra* n.3, establishes that the same individual filed both this and the current action. *See Moles*, Doc. 1, at 1.

[5] Judge Brett stated the June 2002 dismissal order was "a final Order terminating this action." *Moles*, Doc. 9, at 9. The docket report does not reflect the entry of judgment, but Plaintiff appealed the dismissal to the Tenth Circuit; the circuit court subsequently granted his motion for voluntary dismissal. *See Moles*, Docs. 11, 14, 15.

[6] "[T]he dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim." *Smith v. Veterans Admin.,* 636 F.3d 1306, 1312 (10th Cir. 2011).

This dismissal constitutes a strike. *See Hafed*, 635 F.3d at 1175 ("[A] dismissal under 28 U.S.C. § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

### 2. Strike two.

Plaintiff obtained another strike when Judge Joe Heaton, adopting the recommendation of Magistrate Judge Bana Roberts, dismissed Plaintiff's civil rights complaint seeking monetary and injunctive relief because the complaint failed to state a viable claim for relief under *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997). *See Davis v. Jones*, Case No. CIV-04-819-HE, Docs. 8, 9 (W.D. Okla. Aug. 24, 2004) (*Jones*).[7]

### 3. Strike three.

Another strike resulted from the disposition of Plaintiff's claims in *Davis v. Ward*, Case No. CIV-05-558-HE, Docs. 50, 51 (W.D. Okla. May 11, 2006) (*Ward*).[8] In reliance on *Ross v. Cnty. of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir. 2004), Judge Heaton concurred with Magistrate Judge Gary Purcell's recommendation and dismissed Plaintiff's complaint for failure to fully exhaust administrative remedies. *See Ward*, Docs. 50, 51. Judge

---

[7] A comparison of DOC numbers, *see supra* n.3, establishes that the same individual filed both this and the current action. *See Jones*, Doc. 3, at 3.

[8] A comparison of DOC numbers, *see supra* n.3, establishes that the same individual filed both this and the current action. *See Ward*, Doc. 1, at 1.

Heaton denied Plaintiff's Fed. R. Civ. P. 59 motion on May 31, 2006; Plaintiff did not appeal to the Tenth Circuit. *See id.*, Doc. 54 & Docket Report.

"It was the law of [the Tenth Circuit] at the time of th[is] dismissal[] that a prisoner was required to plead and prove exhaustion of administrative remedies with regard to every claim asserted, and that his failure to do so was a failure to state a claim." *Strope*, 653 F.3d at 1274 (citing *Ross*, 365 F.3d at 1184, 1189-90). The Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 212-13 (2007), abrogated that law but "[t]his new rule does not apply to [*Ward*] because it only applies to cases still pending on direct review . . . even if the Supreme Court's decision is contrary to the precedent of this circuit." *Strope*, 653 F.3d at 1274 (citation and quotation marks omitted). *Ward* "was [not] still open on direct review when *Jones v. Bock* was decided, and the new rule did not apply retroactively." *Id.* (internal quotation marks omitted). "In light of the plain and unambiguous language of § 1915(g) . . ., the dismissal[] in [*Ward*] [is a] strike[]." *Id.* at 1275.

### B. Imminent danger exception.

Having accumulated these three strikes, Plaintiff is now required to prepay the entire filing fee before this Court may consider any new action, absent a demonstration that he is "under imminent danger of serious

5

physical injury." 28 U.S.C. § 1915(g).[9] To satisfy this exception, a prisoner is "required to make 'specific, credible allegations of imminent danger of serious physical harm.'" *Hafed*, 635 F.3d at 1179 (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001)). "Every circuit to have decided the issue so far has concluded that [§ 1915(g)'s] use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id.* In short, Plaintiff must plausibly allege that unless he receives a favorable outcome, he will suffer imminent harm.

Plaintiff alleges he "has been denied medical treatment for the removal of a planter's wart and to be provided with shoes with arch support." Doc. 3, at 1. He maintains he "has a 27 year documented back problem [and] without proper feet support my back pain is exacerbated and aggravated." *Id.* He claims, "I cannot sit or stand for long periods of time [and] when I sleep I toss and turn." Doc. 3, Att. 2, at 3.[10] Plaintiff contends his back pain "significantly affects my daily activities . . . ." Doc. 1, at 19.

---

[9] Plaintiff failed to acknowledge he has accumulated three strikes and so must satisfy the imminent danger exception in order to proceed ifp. *See* Doc. 2. But because his complaint and his motion for injunctive relief are replete with the details of the alleged disregard of his medical needs and the harm that will allegedly result – and because he will have the opportunity to voice his objections to this Report and Recommendation – the undersigned did not direct Plaintiff to further support his ifp application. *See* Docs. 1, 3.

[10] Plaintiff's complaint about the correlation between his back condition and his capacity to stand is nothing new. In a previous action he brought in

6

But when Plaintiff complained about high arches, the nurse provided arch supports. *Id.* at 9. He then complained the inserts were too small and advised he wanted facility-provided footwear and a referral to an outside specialist. *Id.* He received a referral to a podiatrist who told him to wear athletic shoes that, according to a prison official, were available in the canteen. *Id.* at 27-28. Plaintiff then complained, "I'm indigent and do not have funds for canteen purchases." *Id.* at 28. Notably, however, the inmate statement Plaintiff submitted to support his ifp application in this case reflects his payments for clothing. Doc. 2, at 5. Regarding Plaintiff's plantar wart, silver nitrate was provided to remove it. Doc. 3, Att. 2, at 5. Plaintiff receives medication for his long-standing back issues and only vaguely speculates that "[w]ithout proper medical treatment [he] will suffer and his condition will deteriorate as he is a[n] older prisoner." Doc. 3, at 4.

While Plaintiff concludes that he "did not receive medical treatment by medical personnel *qualified* to treat [his] medical needs" and requests injunctive relief "to ensure that [he] receives *adequate* medical care," Doc. 3, Att. 2, at 1 (emphasis added), his allegations reflect that Defendants fully

---

this Court, *Davis v. Corrections Corporation of America*, No. CIV-13-1174-HE, Doc. 1 (W.D. Okla. Nov. 1, 2013), Plaintiff filed a copy of a Request for Health Services he had submitted on June 4, 2014, stating that "I would like to see a doctor or outside specialist. I am having severe back and neck pain that causes me to be unable to sleep or to lay, sit or stand for long periods without feeling numbness in my limbs." *Id.* Doc. 67, at Ex. 2.

responded to his medical needs and fatally undercut a claim "that he is in imminent danger of serious physical harm . . . ." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (considering prisoner's treatment history in concluding he had not raised "a credible allegation" of imminent danger of serious harm).

## II. Recommendation and notice of right to object.

The undersigned recommends the denial of Plaintiff's motion to proceed in forma pauperis and the dismissal without prejudice of this conditionally filed action unless Plaintiff pays the full $400 filing fee within twenty-one days from the date of any order adopting this Report and Recommendation.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before June 13, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 24th day of May, 2016.

                                                  SUZANNE MITCHELL
                                                  UNITED STATES MAGISTRATE JUDGE