# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-0462-HE |
| | ) | |
| GEO GROUP CORRECTIONS, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Ezekiel Davis, a state prisoner appearing *pro se,* filed this § 1983 action, together with a motion seeking leave to proceed *in forma pauperis* ("*ifp*"). Consistent with 28 U.S.C. § 636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell. Applying the threes strikes rule of the Prison Litigation Reform Act,[1] she recommends that plaintiff's motion be denied and the action be dismissed without prejudice to refiling, unless plaintiff pays the full $400 filing fee withing twenty-one days from the date of any order adopting the Report and Recommendation.

The magistrate judge determined that plaintiff has filed three civil actions while incarcerated, which were dismissed for failure to state a claim upon which relief was granted. She concluded that each of the dismissals constitutes a "prior occasion" or "strike" within the meaning of 28 U.S.C. § 1915(g), that they all ripened to be counted as strikes before plaintiff filed this action, and that plaintiff's allegations are not sufficient to demonstrate that, at the time he filed his complaint, he was "under imminent danger of serious physical injury."

---

[1] *"Under PLRA, a prisoner is barred from bringing new civil cases or appeals in civil cases without the prepayment of filing fees if three prior civil cases or appeals in civil cases have been dismissed as frivolous, malicious, or for failure to state a claim."* Smith v. Veterans Admin., *636 F.3d 1306, 1309 (10th Cir. 2011).*

28 U.S.C. § 1915(g).

Defendant objects to the Report and Recommendation, arguing that he was never told about any pending strikes, one strike is over ten years old and he is in imminent danger because he has "not received constitutionally mandated medical treatment by medical personnel qualified to assess [his] medical needs." Doc. #11, p. 6. However, "[i]t is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike," Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011), and the age of the strike does not preclude its consideration. *See* Strope v. Cummings, 653 F.3d 1271, 1275 (10th Cir. 2011) (three strikes were based on actions dismissed more than twenty years earlier). Plaintiff also has failed to make the "specific, credible allegations of imminent danger of serious physical harm" required to come within the exception to the prepayment requirement in § 1915(g). Smith, 636 F.3d at 1309 (internal quotation marks omitted). His complaint is that he is "in imminent danger of future harm, pain and suffering." Doc. #11, p. 7. He states: "I am still walking on plantar's wart, still in pain from lack of arch support, my back still hurts all the time." Doc. #11, p. 6. That is insufficient to allow plaintiff to proceed *ifp*. *Id.*

Accordingly, the court adopts the Report and Recommendation of Magistrate Judge Mitchell and denies plaintiff's motion to proceed *in forma pauperis* [Doc. #2]. The action will be dismissed without prejudice unless plaintiff pays the full $400 filing fee within **twenty-one (21) days** of the date of this order.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2016.

                                                        JOE HEATON
                                                       CHIEF U.S. DISTRICT JUDGE