# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-16-0462-HE |
| | ) | |
| GEO GROUP CORRECTIONS, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Ezekiel Davis, a state prisoner appearing *pro se,* filed this § 1983 action alleging his constitutional rights were violated while he was incarcerated at the Lawton Correctional Facility ("LCF"), a private prison owned and operated by GEO Group. He sued multiple LCF and Oklahoma Department of Corrections ("DOC") officials and LCF-related people in both their individual and official capacities. He seeks monetary and injunctive relief.

Consistent with 28 U.S.C. § 636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who conducted the required screening, *see* 28 U.S.C. §§1915A(a), 1915A(b), 1915(e)(2)(B), and issued a Report and Recommendation ("Report"). The magistrate judge recommends that all official capacity claims against the LCF defendants and all claims against the DOC defendants be dismissed without prejudice. Plaintiff has filed an objection to the Report.

In her Report, the magistrate judge initially recommends the dismissal of plaintiff's official capacity claims against all defendants. She concludes plaintiff's claims against the

LCF defendants in their official capacities fail because a private prison employee is not a state actor and lacks an official capacity as the term is used under the Eleventh Amendment. *See* Jones v. Barry, 33 Fed. Appx. 967, 971, n.5 (10th Cir. 2002). She rejects his claims for monetary relief against the DOC defendants in their official capacities, concluding they are barred by Eleventh Amendment immunity. The magistrate judge then considers plaintiff's claims against the DOC defendants -- Allbaugh, Honaker and McGee[1] – in their individual capacities.[2]

In his first claim, plaintiff alleges that the LCF and DOC defendants violated his Eighth Amendment right to adequate medical services. A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). A deliberate indifference claim has both an objective and a subjective component. *Id.* The objective component is satisfied if the deprivation is sufficiently serious, while the subjective component is met if the plaintiff "present[s] evidence of the prison official's culpable state of mind." *Id.* Liability may be imposed if the official knew the prisoner "faced a substantial risk of harm and disregarded that risk by failing to take

---

[1] *There is a fourth DOC defendant, Ms. Minyard, but as is discussed subsequently, the complaint does not include any allegations against her.*

[2] *Although plaintiff includes four claims in his complaint, the fourth claim, which alleges that defendants used excessive force against plaintiff for exercising his constitutional rights, does not seek relief from a DOC defendant and is not addressed in the Report or this order.*

reasonable measures to abate it." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks omitted).

The magistrate judge focused on the subjective component of plaintiff's deliberate indifference claim. After a careful review and liberal construction of the *pro se* complaint, she determined that plaintiff failed to allege that the DOC defendants acted with the required culpable state of mind. Because he pleaded conclusions, rather than facts, he did not succeed in "'stat[ing] a claim to relief that is plausible on its face.'" Doc. #55, p. 11 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The magistrate judge recognized that a few facts had been pleaded with respect to the DOC defendants in the context of the DOC's Inmate/Offender Grievance Process. But she concluded that was not enough to state an Eighth Amendment claim against them because plaintiff had not "allege[d] facts to show that *any* DOC Defendant had *any* personal involvement in his treatment or treatment decisions." Doc. #55, p. 13. The law is well established that merely denying a grievance or grievance appeal, without a connection to the alleged constitutional violation, does not establish the personal participation required by §1983. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

Because he had not alleged that the DOC defendants acted with deliberate indifference in violation of his Eighth Amendment rights, the magistrate judge recommended that plaintiff's first claim against the DOC defendant in their individual capacities be dismissed without prejudice.

In his second claim, plaintiff alleges the defendants, including DOC defendants Allbaugh and Honaker, violated his First Amendment right to redress grievances. The magistrate judge recommended the dismissal of this claim on the ground there is no independent constitutional right to state administrate proceedings. *See* Johnson v. Richins, 438 Fed. Appx. 647, 649 (10th Cir. 2011) ("And Mr. Johnson's claim that Ms. Casper mishandled his prison grievances does not implicate any due-process rights.").

In his third claim, plaintiff alleges a conspiracy among the defendants to deprive him of his "constitutional rights" and his "8th Amend right to adequate medical care." Doc. #20, p. 36. The magistrate judge recommends that this claim, insofar as it is asserted against the DOC defendants, be dismissed because plaintiff has failed to plead facts showing the required agreement and concerted action among the alleged conspirators.

Finally, the magistrate judge recommends that plaintiff's claims against DOC defendant Minyard be dismissed. Due to the lack of any allegations against her, the magistrate judge determined plaintiff failed to state a claim against Ms. Minyard upon which relief could be granted.

In his objection plaintiff states that he does not object to the dismissal of the defendants in their official capacities. Plaintiff's claims against the LCF and DOC defendants in their official capacities will therefore be dismissed without prejudice.

Making essentially the same arguments as he presented to the magistrate judge, plaintiff does object to the dismissal of his deliberate indifference individual capacity claims against the DOC defendants. Initially he argues that defendants Honaker, McGee, Allbaugh and Minyard can be held liable under § 1983 because they were in "supervisory

positions." Doc. #57, pp.1, 2. But merely being a supervisor is not enough to create § 1983 liability. Gallagher, 587 F.3d at 1069. To prevail against a defendant based on his or her supervisory responsibilities, a plaintiff must demonstrate personal involvement, causation and a culpable state of mind link. Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013). As the magistrate judge explained in her Report, the complaint lacks sufficient factual allegations "to plausibly allege deliberate indifference by a DOC Defendant." Doc. #55, p. 11. "Conclusory allegations are not enough to withstand a motion to dismiss." Gallagher, 587 F.3d at 1068.[3]

Plaintiff also relies on the DOC defendants' asserted "fail[ure] to act when [he] filed grievance to the Chief Medical Officer" and denial of his request for adequate medical care. Doc. 57, p. 3. He contends that "surely these defendants had a duty to actively conduct an investigation into my allegations, surely they contacted GEO Group Corr. Inc. medical personnel – supervisor personnel, and there was a concerted effort done to not provide me with adequate medical care . . . ." *Id*. These unsupported assertions, which are not in the complaint, also fail to show that the DOC defendants were directly involved with the alleged constitutional violation – the asserted failure to provide adequate medical care. As the magistrate judge explained, plaintiff must allege that the defendants

---

[3] *"A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights" can constitute sufficient personal involvement. Schneider, 717 F.3d at 768. However, conclusory statements in the complaint such as "the defendants . . . as decision makers they all possessed final authority to establish policy that would ensure my constitutional rights would not be violated . . . ." Doc. #20, p. 16, are insufficient to demonstrate a policy.*

5

participated in the claimed constitutional violation by doing something in addition to denying a grievance.

The court agrees with the magistrate judge's analysis and conclusion that plaintiff has not pleaded sufficient facts to state a deliberate indifference claim against the DOC defendants based on an asserted denial of adequate medical services. Plaintiff's first claim against the DOC defendants in their individual capacities will be dismissed without prejudice.

As for his second claim, plaintiff states in his objection that he is not asserting a constitutional right to state administrative grievance procedures. Rather, he contends, he is addressing the Prison Litigation Reform Act's exhaustion requirement and asserting his First Amendment right to redress grievances.

Plaintiff has a First Amendment right to petition the government. However, as the magistrate judge recognized, "there is no independent constitutional right to state administrative grievance procedures." Boyd v. Werholtz, 443 Fed. Appx. 331, 332 (10th Cir. 2011). "Instead, '[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" Id. (quoting Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam)). Consequently, defendants' alleged circumvention "of the prison grievance process here failed to implicate [plaintiff's] right of access to the courts." Id. Plaintiff's second claim is therefore dismissed for failure to state a claim.

Plaintiff's remaining objection is to the magistrate judge's conclusion that he has failed to state a conspiracy claim against the DOC defendants. He contends his grievance complaints document that the defendants were communicating and conspiring. Contrary to plaintiff's assertion, it is not obvious how those documents, attached as exhibits to his complaint, demonstrate the agreement and concerted action required to demonstrate a conspiracy. Plaintiff's third cause of action against the DOC defendants will be dismissed without prejudice for failure to state a claim.

Accordingly, plaintiff official capacity claims against LCF Defendants Hector, Rios, Jr., Christina Thomas, Sheryl Denton, Dr. Gonzaga, Lt. Durant, Dr. Musallam, (Medical Director) John/Jane Doe, Adams, and Lt. Dawson are dismissed without prejudice. Plaintiff's claims for monetary relief against DOC Defendants Buddy Honaker, Joe M. Allbaugh, McGee, and Minyard in their official capacities are dismissed without prejudice. Plaintiff's remaining claims against any DOC defendant in any capacity are dismissed without prejudice.

This order does not terminate the referral.

**IT IS SO ORDERED**.

Dated this 9th day of February, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE