# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,                          )
                                        )
            Plaintiff,                  )
vs.                                     )        NO. CIV-16-0462-HE
                                        )
GEO GROUP CORRECTIONS, INC.,            )
*et al.,*                               )
                                        )
            Defendants.                 )

## ORDER

Plaintiff Ezekiel Davis, a state prisoner appearing *pro se,* filed this § 1983 action alleging his constitutional rights were violated while he was incarcerated at the Lawton Correctional Facility ("LCF"), a private prison owned and operated by GEO Group Corrections, Inc. ("GEO Corrections"). He sued multiple LCF and Oklahoma Department of Corrections ("DOC") officials and LCF-related people in both their individual and official capacities. Plaintiff currently is housed at the Davis Correctional Facility ("DCF").

Consistent with 28 U.S.C. § 636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell. Following initial screening, plaintiff's claims for monetary and injunctive relief against twelve defendants remain for consideration. The remaining defendants include nine LCF officials, two GEO Corrections employees, a Correct Care Solutions[1] employee and John Doe, a podiatrist and the director of the Lawton Foot Clinic.

The magistrate judge has issued a Report and Recommendation ("Report")

---

[1] *Correct Care Solutions is described by plaintiff as the company that hires medical employees for LCF. Doc. 20, p. 18.*

regarding plaintiff's pending motions for injunctive relief. She recommends that they be denied as moot because the defendants he seeks to enjoin cannot effect the relief he seeks due to his transfer to a facility that is not owned by the GEO Group or staffed by employees hired by Correct Care Solutions.

Plaintiff has filed an objection. He contends that his claim for injunctive relief is not moot because he currently is being denied adequate medical care at DCF, a facility under contract with the DOC. However, as the magistrate judge correctly concluded, the defendants in this action may not effect any change in plaintiff's care at DCF.[2] In addition, as the magistrate judge pointed out in her order, plaintiff has filed a § 1983 action regarding the care he currently is receiving at DCF and has in that lawsuit specifically requested injunctive relief. *See* <u>Davis v. CoreCivic, Inc.,</u> Case No. CIV-17-293-JHP-SPS (E.D. Okla. July 31, 2017).

While plaintiff makes allegations in his objection against the DOC, that entity is no longer a defendant in this lawsuit. His claims against the DOC were dismissed previously. *See* Doc. #60.

As for plaintiff's request for appointed counsel, the court denies plaintiff's request, subject to reconsideration subsequently, if appropriate. There is no constitutional right to appointed counsel in a civil rights proceeding. <u>Durre v. Dempsey</u>, 869 F.2d 543, 547 (10th Cir. 1989). Plaintiff has not shown that he is unable to litigate his claim adequately. To the

---

[2] *Plaintiff makes allegations against the DOC in his objection, yet that entity is no longer a defendant in this action. Plaintiff's claims against the DOC were dismissed previously. See Doc. #60.*

contrary, his pleadings demonstrate he is capable of understanding and presenting the fundamental issues underlying his case. Plaintiff also has not presented special circumstances that warrant the appointment of counsel.

Accordingly, having considered *de novo* plaintiff's requests for injunctive relief, the court agrees with the magistrate judge's analysis and adopts her Report and Recommendation. Plaintiff's motions for injunctive relief, Doc. Nos. 21, 40, and 49 are **DENIED** as being moot. His request for appointed counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE