IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-00462-PRW |
| | ) | |
| GEO GROUP CORRECTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

# ORDER

On February 11, 2021, United States Magistrate Judge Amanda M. Green issued a Report and Recommendation in connection with this action. She concludes that the Court must dismiss Plaintiff Ezekiel Davis's claims against Defendants Musallam and Gonzaga pursuant to Federal Rule of Civil Procedure 25(a)(1). For the reasons that follow, the Court agrees and **ADOPTS** her Report and Recommendation (Dkt. 267).

## *Background*

Plaintiff asserts claims against Defendants Musallam and Gonzaga in this action,[1] the substance of which are not germane to the instant dispute.

On January 21, 2020, a Suggestion of Death (Dkt. 177) was filed with the Court. The Suggestion of Death noted the death of Defendant Musallam and stated as follows:

> COMES NOW, in accordance with Rule 25(a), undersigned counsel notes the death during the pendency of this action of Defendant Labib Sam Musallam. Undersigned counsel represents that he has contacted Mr.

---

[1] *See* Am. Compl. (Dkt. 20) at 10, 12–17, 20–22.

1

Mitchell D. Rozin, who represents the appointed Personal Representative of the Estate of Labib Sam Musallam, Delores Musallam. Mr. Rozin has agreed to accept service on behalf of Delores Musallam. Therefore, the Personal Representative for the Estate of Labib Sam Musallam is on notice of the present action.[2]

On July 23, 2020, a Statement Noting Death of Party (Dkt. 207) was filed with the Court. The Statement Noting Death of Party noted the death of Defendant Gonzaga and stated as follows:

> COMES NOW, in accordance with Fed. R. Civ. P. 25(a), undersigned counsel for Defendant Mars Gonzaga, M.D., and hereby notes the death during the pendency of this action of Defendant Mars Gonzaga, M.D. Undersigned counsel represents that she has contacted Mark Gonzaga, Michele Wear, and Marsha Johnson, the children and presumed heirs to Defendant Mars Gonzaga's estate, and advises that they are on notice of the present action pursuant to the Certificate of Service filed herein.[3]

Both the Suggestion of Death and Statement Noting Death of Party were filed on the CM/ECF system and certified that a print copy of the filing was sent to Plaintiff by mail at the Oklahoma State Penitentiary in McAlester, Oklahoma,[4] in accordance with his January 17, 2019 Notice of Change of Address (Dkt. 147).

On February 11, 2021, 387 days after the filing of the Suggestion of Death and 203 days after the filing of the Statement Noting Death of a Party, Magistrate Judge Green issued her Report and Recommendation (Dkt. 267) recommending that the Court dismiss Plaintiff's claims against Defendants Musallam and Gonzaga pursuant to Federal Rule of Civil Procedure 25(a)(1).

---

[2] Suggestion of Death (Dkt. 177) at 1.

[3] Statement Noting Death of Party (Dkt. 207) at 1.

[4] *Id.* at 2–3.

On March 4, 2021, Plaintiff timely objected to the Report and Recommendation.[5] He complains that he was not served with and never received or "does not recall" receiving the Statement Noting Death of Party (noting the death of Defendant Gonzaga).[6] He also complains that when he was transferred from Oklahoma State Penitentiary to the Davis Correctional Facility around October 9, 2020, his legal papers were not transferred with him.[7] (Plaintiff acknowledges elsewhere that he subsequently received these papers on November 16, 2020.[8])

On March 10, 2021, Defendant Gonzaga's counsel of record submitted a response to Plaintiff's Objection to the Report and Recommendation.[9]

Now, the Court considers the Magistrate Judge's Report and Recommendation (Dkt. 267) and the objections thereto.

## *Applicable Law*

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[10]

---

[5] Pl.'s Obj. to R. & R. (Dkt. 269).

[6] *Id.* at 1–2.

[7] *Id.* at 1.

[8] Pl.'s Mot. to Ct. for Leave to File the Attached Evid. to Suppl. the Pleading / and Reply to Defs.' Reply to Pl.'s Resp. to Summ. J. (Dkt. 260) at 1.

[9] Resp. to Pl.'s Obj. to R. & R. (Dkt. 270).

[10] 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 25(a)(1)—the primary rule implicated by this dispute—provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." "A motion for substitution may be made by any party or by the decedent's successor or representative," but if such a motion "is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed."[11]

## *Discussion*

The Court finds that, despite his objection to the contrary, Plaintiff was served with the Statement Noting Death of Party. A paper is served by, among other things, mailing it to the person's last known address, in which case service is complete upon mailing.[12] Here, the Statement Noting Death of Party certifies that it was sent by mail to Plaintiff at the last address he provided to the Court, in his January 17, 2019 Notice of Change of Address (Dkt. 147). As such, Plaintiff was served with the Statement Noting Death of Party no later than July 23, 2020.

As to his objections that he did not receive or "does not recall" receiving the Statement Noting Death of Party, the record suggests otherwise. For example, Plaintiff outright acknowledges that "Defendant Gonzaga is deceased" in his August 21, 2020 Motion to Strike Deposition.[13]

---

[11] Fed. R. Civ. P 25(a)(1) (emphasis added).

[12] Fed. R. Civ. P. 5(b)(2)(C).

[13] Mot. to Strike Dep. (Dkt. 218) at 2.

Finally, Plaintiff's objection that his legal papers were not transferred with him when he was relocated from Oklahoma State Penitentiary to the Davis Correctional Facility also fails to move the ball. At most, Plaintiff was without his legal papers from on or around October 9, 2020, to November 16, 2020, for a total of around 38 days. Even if Plaintiff were entitled to tolling of the 90-day deadline imposed by Rule 25(a)(1) for that 38-day period, he still failed to timely move to substitute: Factoring in a 38-day extension, Plaintiff would have had until November 28, 2020, to move to substitute. He failed to do even that.

In short, Plaintiff was served with the Statement Noting Death of Party but failed to move to substitute in accordance with Federal Rule of Civil Procedure 25(a)(1). Accordingly, the Court "must" dismiss the claims against Defendant Gonzaga.

As to the balance of Magistrate Judge Green's Report and Recommendation, Plaintiff Davis was advised that he had a right to object by March 4, 2021, under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 and that failure to make a timely objection would waive any right to appellate review of the factual and legal issues addressed in that portion of the Report and Recommendation. To date, he has filed no objections other than those addressed above. Having failed to object, Plaintiff Davis has waived his right to appellate review of the factual and legal issues addressed in these remaining portions of the Report and Recommendation.[14]

---

[14] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf.* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

Upon review of the Report and Recommendation (Dkt. 267), and for the reasons set forth above, the Court:

(1) **ADOPTS** in full the Report and Recommendation (Dkt. 267) issued by the Magistrate Judge on February 11, 2021; and

(2) **DISMISSES** Plaintiff's claims against Defendants Gonzaga and Musallam.

**IT IS SO ORDERED** this 22nd day of March 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE