## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EZEKIEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-00462-PRW |
| | ) | |
| GEO GROUP CORRECTIONS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is United States Magistrate Judge Amanda Maxwell Green's "Report & Recommendation" (Dkt. 312) and Plaintiff Davis's "Objections" (Dkt. 315). For the reasons below, the Court **ADOPTS** Magistrate Judge Green's Report & Recommendation in full and **DENIES** the seven specified motions filed by Plaintiff.

Plaintiff Ezekiel Davis, a pro se state prisoner serving a life sentence for murder, filed this § 1983 action against the Lawton Correctional Facility ("LCF"), a private prison owned and operated by Defendant GEO Group. Davis's original complaint of four claims against sixteen defendants has been pared down to three remaining claims against eight remaining defendants. These remaining claims are the subject of motions for summary judgment, which remain pending.[1] The current Report & Recommendation addresses

---

[1] The remaining claims allege: (1) the remaining defendants denied violated Davis's Eighth Amendment rights by not adequately responding to or treating his medical conditions, namely a plantar wart on his right foot, high arches, and back and neck pain; (2) the remaining defendants conspired together to violate Davis's Eighth Amendment rights; and

seven other motions filed by Davis: five motions for injunctive relief, one motion to compel production of evidence, and one motion for appointment of counsel. After reviewing the matter, Magistrate Judge Green recommended that all seven motions be denied. Davis availed himself of his right to file objections to the Report & Recommendation, and timely filed various objections. The Court addresses each in turn.

## *Discussion*

*First Objection*—Davis objects to the delay in Magistrate Judge Green's Report & Recommendation, citing Rule 72(b)(1) of the Federal Rules of Civil Procedure that "[a] magistrate judge must *promptly* conduct the required proceedings when assigned" (emphasis added). This objection is insufficient to necessitate rejecting or altering Magistrate Judge Green's recommendations. Magistrate judges receive substantial discretion in crafting their recommendations and feasible promptness will always vary from case-to-case depending on the complexity of the issues involved, the conduct of the parties, and unforeseen and uncontrollable factors. Given the complexity of this case and Davis's extensive, continuous filings, the Court finds no error in the time it took Magistrate Green to prepare her recommendation.

*Second Objection*—Davis next objects to Magistrate Judge Green's recommendation by claiming she "abuse[d her] discretion" and "overlooked overwhelming evidence of retaliatory conduct."[2] This objection is not responsive to Magistrate Judge

---

(3) Defendants Adams, Dawson, and Rios used excessive retaliatory force against Davis on two occasions.

[2] Objections (Dkt. 315), at 2.

Green's legal conclusion that the Court lacks the authority to order the relief Davis requests.

Davis's various motions for injunctive relief include asking the Court to: order delivery of legal books and documents from Davis Correctional Facility to LCF; order adequate medical care from a qualified physician; order LCF staff not to harass or retaliate against Davis; order Davis transferred to an ODOC facility with better medical care; order production of all records relating to a disciplinary incident involving Davis (notably, not the incidents alleged in his surviving retaliatory claim); order testing of LCF and LCF inmates for black mold and exposure to black mold; order he be "freed from [retaliatory] punishment and that "Defendants successors in office" follow ODOC policy; order protection from attacks by fellow inmates; and order additional MRIs taken of his spine.[3]

Magistrate Judge Green correctly observes it is well settled that a motion for injunctive relief seeking intermediate relief must seek "relief of the same character as that which may be finally granted."[4] In other words, the Court has no authority to order injunctive relief "when the movant seeks intermediate relief beyond the claims of the complaint,"[5] since an "injunction may never issue to prevent an injury or harm which was not even the moving party contends was caused by the wrong claimed in the underlying

---

[3] *See* Report & Recommendation (Dkt. 312), at 3–6 (summarizing Davis's various motions for injunctive relief).

[4] *Davis v. Corrections Corp. of Am.*, 2015 WL 13741880, at *20 (W.D. Okla. Oct. 2, 2015) (citing *De Beers Consol Mines v. United States*, 325 U.S. 212, 220 (1945)).

[5] *Id.*

action."[6] So even if a movant nominally meets the four general elements for injunctive

relief, this Court still lacks authority to order injunctive relief if the movant failed to

"establish a relationship between the injury claimed in [his] motion and the conduct

asserted in the complaint."[7]

Here, Magistrate Judge Green correctly determined that all relief Davis seeks in his

motions for injunctive relief is either wholly unrelated to the § 1983 claims in his complaint

or seeks injunctive relief against parties who are not defendants in this case.[8] Since such

intermediate relief is untethered from the claims in the complaint, the Court has no

authority to enter such orders. Davis's objection alleging abuse of discretion and ignoring

of evidence, even if true, provides no reason to reject or alter Magistrate Judge Green's

legally-correct recommendations that the requested relief is not connected to the underlying

complaint and therefore outside this Court's authority.[9]

*Third Objection*—Davis next objects that Magistrate Judge Green overlooked his

evidence for one of the general prongs necessary for injunctive relief, namely that Davis

---

[6] *Stouffer v. Eulberg*, 2010 WL 567998, at *2 n.3 (W.D. Okla. Feb. 11, 2010) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

[7] *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

[8] In his objection, Davis argues that GEO Group remains a defendant to the underlying action and so could be enjoined. While this is true, the requested injunctive relief that might be ordered against GEO Group—such as the order to investigate black mold—is unrelated to the underlying complaint.

[9] Although not specifically addressed in this discussion, this reasoning also applies to Davis's motion to compel production of evidence (Dkt. 288), since the evidence he sought was related to one of these requests for injunctive relief that is unconnected to the underlying complaint.

has made a "clear showing that [he] is entitled to such relief."[10] However, for the same reasons previously discussed, even if Davis was correct that Magistrate Judge Green ignored such evidence of a clear showing of entitlement, this does not alter the conclusion that the requested injunctive relief is outside the Court's authority.

*Fourth Objection*—Davis objects to Magistrate Judge Green's alleged conclusion that the requested injunctive relief concerning Davis's "medical claim, delay and denial of care" is unrelated to his conduct in his underlying complaint. Yet this misconstrues the Report & Recommendation. Magistrate Judge Green concluded that "[m]ost of the events [complained of] are unrelated to the claims remaining in Plaintiff's lawsuit."[11] And indeed, *most* of them—delivery of legal books, inspection for black mold, production of unrelated evidence, attacks by fellow inmates—are unrelated.

Those claims pertaining to medical treatment of his alleged back pain are also unrelated. Davis's complaint deals with the medical treatment (or alleged lack thereof) at LCF by Dr. Christina Thomas as of 2016. Yet in 2017, Davis was transferred to Davis Correctional Facility. In 2019, he was transferred to the Oklahoma State Penitentiary, during which stay he was taken for medical examination and MRIs at OU Medical Center.[12] In late 2020, he was transferred again to Davis Correctional Facility. In 2021, he was transferred back to LCF, which took him to Comanche County Memorial Hospital for

---

[10] Objections (Dkt. 315), at 2.

[11] Report & Recommendation (Dkt. 312), at 8.

[12] *See* Memorandum (Dkt. 307), at 2.

additional medical examinations and MRIs.[13] In the time between his original and current

incarceration at LCF, Dr. Thomas left the employment of the facility. Thus, while Davis

may dispute the efficacy of the 2020 and 2021 medical care, these claims are wholly

unrelated to the pre-2017 medical care conducted by Dr. Thomas. This objection therefore

presents no basis to depart from Magistrate Judge Green's recommendations.

*Fifth Objection*—Davis objects that Magistrate Judge Green's recommendation to

deny appointment of counsel is an abuse of discretion, since his case has merit and presents

complex legal issues. This is the fourth time Davis has sought appointment of counsel. The

three prior requests were all denied.

There is no constitutional right to the appointment of counsel in civil rights cases.[14]

While the Court lacks authority to mandate or compel representation under 28 U.S.C.

§ 1915(e)(1),[15] it may request that an attorney represent an indigent plaintiff when there

are "exceptional circumstances."[16] When a prisoner plaintiff seeks counsel for a § 1983

claim, the Court must consider "the merits of a prisoner's claims, the nature and complexity

---

[13] *Id.* at 3.

[14] *See Swazo v. Wy. Dept. of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[15] *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989).

[16] *Sweat v. Rickards*, 712 F. App'x 769, 778 (10th Cir. 2017); *see also Swazo*, 23 F.3d at 333 (holding that counsel should only be appointed for indigent civil rights plaintiffs "when exceptional circumstances exist").

of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[17]

Here, Magistrate Judge Green properly considered all these factors in arriving at a recommendation, and the Court agrees with her conclusion. Davis has repeatedly proved competent to articulate his claims. Magistrate Judge Green opined that Davis's claims "do not appear to be complex,"[18] which Davis disputed by pointing to how long the various motions for summary judgment have been pending before her. But even if his case is more complex than some pro se civil rights actions, Davis's many pleadings and filings also "indicate a much higher degree of legal sophistication than is generally found in pro se parties."[19] This case is quite distinguishable from the special circumstances in *McCarthy v. Weinberg*,[20] where a wheelchair-bound prisoner with diminished communication skills received appointment of counsel.[21] While having appointed counsel may have helped Davis present a stronger case, "the same could be said in any [pro se] case."[22]

If this case proceeds to trial, perhaps then the Court will have reason to revisit this determination and consider whether Davis needs appointment of counsel to help make his

---

[17] *Tarantola v. Cushing Memorial Hosp.*, 525 F. App'x 836, 839 (10th Cir. 2013) (quoting *Toeves v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

[18] Report & Recommendation (Dkt. 312), at 9.

[19] *Tarantola*, 525 F. App'x at 839 (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[20] 753 F.2d 836 (10th Cir. 1985).

[21] *Id.* at 839.

[22] *Rucks*, 57 F.3d at 979.

case to a jury. But at the present time, while the potentially-dispositive motions for summary judgment remain already-briefed and pending, the Court agrees with Magistrate Judge Green's recommendation and finds appointment of counsel unnecessary.

*Sixth Objection*—Davis objects by presenting a singular argument that failure to order a transfer of facilities is highly prejudicial. However, Davis has been transferred four times since filing his complaint. As described above, all grounds he now lists as reasons for transfer are unrelated to the conduct described in his original complaint. And as also described above, injunctive relief ordering transfer on these unrelated grounds remains outside the Court's authority.

*Seventh Objection*—Davis presents a separate argument relating to potential evidence of one ODOC employee's employment records and a request for production of such evidence. This issue was not address by the Magistrate Judge Green in the Report & Recommendation and will not be impacted by this Order. Therefore, the Court declines to address this argument.

### *Conclusion*

After reviewing the matter de novo, the Court agrees that the identified motions should be denied. Accordingly, the Court **ADOPTS** in full the Report & Recommendation (Dkt. 312) issued by Magistrate Judge Green on March 4, 2022, and **DENIES** the seven identified motions (Dkts. 275, 277, 285, 288, 293, 297, and 306).

**IT IS SO ORDERED** this 21st day of March 2022.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

8