## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,                           )
                                         )
                Plaintiff,               )
                                         )
v.                                       )        Case No. CIV-16-00462-PRW
                                         )
GEO GROUP CORRECTIONS, INC., *et*        )
*al*.,                                   )
                                         )
                Defendants.              )

## ORDER

Before the Court is United States Magistrate Judge Amanda Maxfield Green's Report and Recommendation (Dkt. 330) and Plaintiff Davis's Objections (Dkt. 334). For the reasons given below, the Court **ADOPTS** Magistrate Judge Green's Report and Recommendation in full, **GRANTS** the defendants' pending motions for summary judgment (Dkts. 235, 237, 238, 239), and **DENIES AS MOOT** the remaining motions pending in this case (Dkts. 317, 320, 321, 322, 324).

Plaintiff Ezekiel Davis, a *pro se* state prisoner serving a life sentence for murder, filed this § 1983 action against the Lawton Correctional Facility ("LCF"), a private prison owned and operated by Defendant GEO Group. Davis's original complaint of four claims against sixteen defendants has been pared down to two remaining claims against seven remaining defendants. These remaining claims are for a "violation of [his] Eighth Amendment right to adequate medical services" and for "excessive force [used] against

1

[him] in retaliation for exercising [his] constitutional rights."[1] After reviewing the matter, Magistrate Judge Green recommended that the Court grant the pending motions for summary judgment and deny the remaining pending motions as moot. Davis timely filed objections to the Report and Recommendation.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[5] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[6] And because Davis is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[7]

Davis raises just one specific objection to the Report and Recommendation. That objection concerns a letter Davis claims he sent to Defendant Daniel Ronay detailing allegations of inadequate medical care and constitutional violations. According to Davis,

---

[1] R. & R. (Dkt. 330), at 3.

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.*

[5] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[6] *Id.*

[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Magistrate Judge Green erroneously concluded that he had not sent a letter to Ronay, claiming she overlooked evidence of a letter sent on April 7, 2016.[8]  But even with this potential factual dispute about whether Davis sent the letter and whether Ronay received it, the Court nevertheless finds, upon *de novo* review with respect to this issue, that the undisputed evidence shows "Ronay [was] not deliberately indifferent to Plaintiff's medical needs."[9]

Davis's remaining objections fail to meaningfully address the Report and Recommendation: He simply rehashes identical arguments previously raised in his responses to the motions for summary judgment. But "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for *de novo* review."[10] Further, in rehashing his previously raised arguments, Davis has not specifically identified any legal or factual errors committed by Magistrate Judge Green.[11] But whether reviewing for clear error or conducting *de novo*

---

[8] Pl.'s Obj. (Dkt. 334), at 25.

[9] R. & R. (Dkt. 330), at 21.

[10] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *United States v. One Parcel of Real Prop.: 2121 E. 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

[11] *See id.* ("[I]t is necessary for a party objecting to a recommendation to identify the particular factual or legal error committed by the Magistrate Judge, allowing the District Court to focus on that issue and correct it if necessary. . . ." (citing *One Parcel of Real Prop.*, 73 F.3d at 1060)); *see also One Parcel of Real Prop.*, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ."); *Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) ("[The

review, the Court would reach the same conclusions as contained in the Report and Recommendation. For both his Eighth Amendment and excessive-force claims, Davis has not "present[ed] affirmative evidence . . . to defeat [Defendants'] properly supported motion[s] for summary judgment."[12] And as to the Eighth Amendment claim in particular, "[s]ummary judgment requires more than mere speculation. It requires some *evidence,* either direct or circumstantial, that [the defendants] knew about and consciously disregarded" a substantial risk of serious harm arising from Davis's symptoms.[13] Davis hasn't raised a genuine issue about whether the defendants consciously disregarded that risk or whether they had actual knowledge of his condition and refused to pursue further treatment.[14] At best, he has raised only "mere speculation" as to the defendants' culpable state of mind.[15]

For the foregoing reasons, the Court agrees with Magistrate Judge Green's analysis and conclusions. The Court thus **ADOPTS** the Report and Recommendation (Dkt. 330) in full; **GRANTS** Defendants' motions for summary judgment (Dkts. 235, 237, 238, 239);

---

plaintiff's] objections did not specifically address any of the magistrate judge's conclusions. Instead, the objections merely reargued, in the most general fashion, the merits of his claims." (citing *One Parcel of Real Prop.*, 73 F.3d at 1060)).

[12] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[13] *See Self v. Crum*, 439 F.3d 1227, 1235 (10th Cir. 2006).

[14] *See id.* at 1233 ("[A plaintiff] must surmount two obstacles to avoid summary judgment: (1) a showing of the objective seriousness of the medical risk he faced . . . and (2) a showing of [the defendant's] culpable state of mind. The latter may be demonstrated by a showing of either [the defendant's] (a) conscious disregard of a substantial risk of serious harm arising from [the plaintiff's] symptoms, or (b) actual knowledge of [the plaintiff's] . . . condition and refusal to order further treatment.").

[15] *See id.* at 1235.

and **DENIES AS MOOT** the remaining motions pending in this case (Dkts. 317, 320, 321, 322, 324).

   **IT IS SO ORDERED** this 16th day of March 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE